

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KINLEY ROGERS**                                  **CIVIL ACTION**

**VERSUS**                                         **NO. 04-3255**

**GARY COPES - WARDEN**                            **SECTION "S" (2)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to

conduct hearings, including an evidentiary hearing if necessary, and to submit proposed

findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and

(C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon

review of the entire record, I have determined that a federal evidentiary hearing is

unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No _____

the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED**

**WITH PREJUDICE** as time-barred. Alternatively, the petition should be dismissed for

failure to exhaust state court remedies.

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Kinley Rogers, is incarcerated in the Pine Prairie Correctional

Center in Pine Prairie, Louisiana.[2]  On April 23, 2002, Rogers was charged by bill of

information in Jefferson Parish with distribution of cocaine.[3]  The Louisiana Fifth Circuit

Court of Appeal summarized the facts of the case as follows:

> On February 22, 2001, Detective William Sandino of the Kenner Police Department was working undercover attempting to purchase narcotics in areas of Kenner about which the police department had received complaints. Detective Sandino was driving a vehicle equipped with audio and video recording devices.
> Detective Sandino was driving west on 31st Street when he saw the defendant walking along the street. Detective Sandino stopped his vehicle near the defendant, rolled down the window, and asked defendant where he could get "two twenties." According to Detective Sandino, "two twenties" is street slang for two $20.00 rocks of crack cocaine. Defendant instructed Detective Sandino to drive around the corner. After Detective Sandino rounded the corner, defendant entered the passenger's side of Detective Sandino's vehicle and gave Detective Sandino directions to a house on Lexington Avenue.
> After the defendant told the detective to pull over, the detective gave him $40 to buy crack cocaine. Defendant gave Detective Sandino a crack pipe to hold as "collateral." The defendant then exited the car and told Detective Sandino to drive around the block. After Detective Sandino

---

[2]Rec. Doc. No. 1, Petition.

[3]St. Rec. Vol. 1 of 3, Bill of Information, 4/23/02.

returned, the defendant approached the driver's side of the car, leaned in and spit two off-white rock-like objects into the detective's car. The videotaped and audiotaped recordings of these events were entered into evidence and were played for the jury at trial.

After the transaction, Detective Sandino met with his sergeant and turned over the off-white rock-like objects, the tapes and the crack pipe. Detective Sandino testified that he field-tested the off-white rock-like objects, which tested positive for cocaine. According to Charles Krone of the Jefferson Parish Crime Lab, who was accepted as an expert forensic scientist at trial, the off-white rock-like objects, which tested positive for the presence of cocaine, weighed .3 grams in total weight.

Detective Sandino testified that he prepared a warrant for defendant's arrest, and defendant was subsequently arrested on the outstanding warrant by another police officer. At trial, Detective Sandino positively identified defendant as the person who sold him crack cocaine.

At trial, defendant testified that he was a crack addict and that he had convictions for distribution of cocaine and possession of cocaine. On direct examination, defendant stated that he sold Detective Sandino the cocaine because he wanted a "hit" of crack. On cross-examination, however, he denied that he sold any drugs to Detective Sandino.

Defendant admitted that he told the officer to drive around the corner after Detective Sandino approached him and that he rode in his car. Defendant testified that he did not sell drugs. He said that he ultimately kept Detective Sandino's money, threw his own crack pipe into Sandino's vehicle, and told Sandino to "get out [his] face."

Defendant explained that he knew that Detective Sandino was a police officer because they had attended school together. Defendant did not know, however, that Sandino was working undercover that day. Defendant further stated that the police officers in the neighborhood frequently harassed him. According to the defendant, the police had been trying to "throw [him] away" for some time.

State v. Rogers, 850 So.2d 838, 840-41 (La. App. 5th Cir. 2003); State Record Volume

1 of 3, Fifth Circuit Opinion, 03-KA-276, June 19, 2003.

3

Rogers was tried before a twelve person jury on August 27, 2002 and was found guilty as charged.[4]  Rogers entered a plea of guilty to a multiple bill on September 19, 2002.[5]  On that same day, the state trial court sentenced him as a multiple offender to serve 20 years in prison to run concurrently with a sentence he received in another case,[6] and Rogers's counsel filed a motion for appeal.[7]

On October 7, 2002, counsel filed a motion seeking reconsideration of the multiple offender sentence as disproportionate to the crime.[8]  At a hearing held December 12, 2002, the state trial court denied the motion.[9]

On appeal, Rogers's counsel raised two grounds for relief:[10] (1) The evidence was insufficient to support the conviction because it established that the defendant was entrapped into participating in the drug transaction. (2) The state trial court imposed an unconstitutionally excessive sentence.

---

[4]St. Rec. Vol. 1 of 3, Trial Minutes (2 pages), 8/27/02; St. Rec. Vol. 2 of 3, Trial Transcript, 8/27/02; St. Rec. Vol. 1 of 3, Verdict of the Jury, 8/27/02.

[5]St. Rec. Vol. 1 of 3, Multiple Bill, 9/19/02; Waiver of Rights Plea of Guilty Multiple Offender, 9/19/02; Sentencing Minutes, 9/19/02; St. Rec. Vol. 2 of 3, Sentencing Transcript, 9/19/02.

[6]St. Rec. Vol 1 of 3, Sentencing Minutes, 9/19/02; St. Rec. Vol. 2 of 3, Sentencing Transcript, 9/19/02.

[7]St. Rec. Vol. 1 of 3, Motion for Appeal, 9/19/02.

[8]St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 10/7/02.

[9]St. Rec. Vol. 1 of 3, Motion Hearing Minutes, 12/12/02.

[10]St. Rec. Vol. 2 of 3, Appeal Brief, p. 5, 03-KA-0276, 3/18/03; State v. Rogers, 850 So.2d at 841, 844; St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 03-KA-276, 6/19/03.

On June 19, 2003, the Louisiana Fifth Circuit affirmed Rogers's conviction.[11] The court also instructed the state trial court to notify Rogers of his post-conviction time limits and recognized that his sentence was by statute to be without benefit of parole, probation or suspension of sentence.[12] The state trial court complied with the directive by letter dated June 24, 2003.[13]

Rogers's conviction became final 30 days later, July 19, 2003, when he did not seek timely review in the Louisiana Supreme Court.[14] Roberts v. Cockrell, 319 F.3d 690 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process); McGee v. Cain, 104 Fed. Appx. 989, 991 (5th Cir. 2004).

Thereafter, on July 29, 2003, Rogers filed an untimely writ application in the Louisiana Supreme Court alleging insufficiency of the evidence because of entrapment.[15]

---

[11]State v. Rogers, 850 So.2d at 845; St. Rec. Vol. 1 of 3, 5th Cir. Opinion, 03-KA-276, p. 11-12, 6/19/03.

[12]Id.

[13]St. Rec. Vol. 1 of 3, Letter from the court, 6/24/03.

[14]Pursuant to La. Code Crim. P. art. 922(C) and La. S. Ct. R. X§5(a), petitioner had 30 days from the issuance of the Louisiana Fifth Circuit's opinion to file a timely writ application in the Louisiana Supreme Court, which he did not do. The opinion was issued June 19, 2003. St. Rec. Vol. 2 of 3, 5th Cir. Mailing Certificate, 6/19/03.

[15]Id.; St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2003-KO-2137, 7/29/03; St. Rec. Vol. 3 of 3, Application for Writ of Certiorari, 03-KO-2137, 7/29/02.

5

The Louisiana Supreme Court denied the application without reasons on January 30, 2004.[16]

## II.   FEDERAL HABEAS PETITION

On December 1, 2004, Rogers filed a petition for federal habeas corpus relief seeking relief on grounds of (1) entrapment, (2) ineffective assistance of counsel, and (3) insufficient evidence to support the conviction.[17]

The State responded to the petition suggesting that Rogers's petition "appears" to be timely filed and further arguing that he has failed to exhaust available state court remedies.[18]

As discussed below, the State's timeliness and finality calculations are erroneous and Rogers's petition is not timely filed. Alternatively, however, the State's conclusion that Rogers has failed to exhaust state court remedies is correct.

## III.   STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[16]State v. Rogers, 865 So.2d 73 (La. 2004); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2003-K-2137, 1/30/04.

[17]Rec. Doc. No. 1, Petition, Memorandum in Support, p. 5.

[18]Rec. Doc. Nos. 4, 5.

including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[19] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Rogers's petition, which, for reasons discussed below, is deemed filed in this court on November 22, 2004.[20]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In the instant case, the State correctly argues that Rogers has failed to exhaust available state court remedies. In addition, the State suggests that Rogers's petition may

---

[19]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[20]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Rogers's petition on December 1, 2004. Rogers signed his petition on November 22, 2004, which is the earliest date he could have submitted it to prison officials for mailing.

be timely. However, after reviewing the state court record and the applicable law, I find that the petition is <u>not</u> timely filed and <u>no</u> waiver of the limitations defense has occurred.

For the following reasons, I find that Rogers has not exhausted available state court remedies. However, I also find that the petition is <u>not</u> timely filed under the AEDPA and must be dismissed for that reason.

## IV.    EXHAUSTION OF STATE COURT REMEDIES

The State argues in its response that Rogers failed to present the ineffective assistance of counsel claim to the Louisiana Supreme Court.[21] The State references Rogers's only application for a writ of certiorari filed in that court, which did not include this claim.[22]

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)); <u>accord</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Nobles</u>, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims." <u>Whitehead</u>, 157

---

[21]Rec. Doc. No. 4.

[22]<u>See</u>, Rec. Doc. No. 5. The State has provided a certification from the Louisiana Supreme Court that Rogers has filed only the one writ application in that court.

F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Nobles, 127 F.3d at 420). Thus, to exhaust his claims in state court, Rogers must fairly present the same claims he urges in this federal court to the Louisiana Supreme Court.

In his single writ application in the Louisiana Supreme Court, Rogers challenged only the sufficiency of the evidence to support his conviction in light of the entrapment

9

evidence presented at trial.  He did not raise ineffective assistance of counsel in that proceeding.  The Louisiana Supreme Court therefore has not had an opportunity to consider this claim.

Thus, Rogers has failed to exhaust available state court remedies as to one of the three claims raised in his federal habeas corpus petition.  However, his failure to exhaust is not dispositive of his petition because I find, for the following reasons, that Rogers's federal habeas corpus petition is untimely filed and must be dismissed with prejudice for that reason.

IV.   STATUTE OF LIMITATIONS

A.   NO WAIVER OF THE LIMITATIONS DEFENSE

The AEDPA's statute of limitations is an affirmative defense, rather than a jurisdictional mandate.  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Consequently, the limitations defense may be waived, but the waiver must be express and intentional.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (citing Smith v. Johnson, 216 F.3d 521 (5th Cir. 2000)), cert. denied, 2001 WL 167908 (Feb. 12, 2001); Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998).

In the instant case, the State's calculations in its response memorandum of the finality date of Rogers's conviction is inaccurate under the law and therefore erroneous. Under a proper calculation, using Fifth Circuit precedent as set forth below, Rogers's

10

petition is not timely filed.  The State could not have intended to commit error or mistake through its counsel's miscalculations in a response memorandum and thus did not expressly waive its limitations defense by incorrectly concluding that the petition is timely.  See Simpkins v. Washington Metropolitan Area Transit Authority, 2 F. Supp.2d 52 (D.D.C. 1998) (calculation error based on mistake did not constitute waiver of limitations defense).  Furthermore, this court is not required to accept a waiver, either express or implicit, where it is not judicially warranted.  Kunkle v. Dretke, 352 F.3d 980, 989-90 (5th Cir. 2003) (citing McGee v. Estelle, 722 F.2d 1206 (5th Cir. 1984), and Granberry v. Greer, 481 U.S. 129 (1987)); Graham v. Johnson, 94 F.3d 958, 970 (5th Cir. 1996).  For these reasons, I find that the State has not waived the limitations defense through its inaccurate calculation of the limitations and tolling periods.

B.    THE PETITION IS UNTIMELY FILED

Section 2244(d)(1) of the federal habeas statute requires that a petitioner bring his Section 2254 claims, among other things not relevant here, within one year from the date of finality of the judgment of conviction.[23]  The court must therefore determine when

---

[23]Specifically, Section 2244(d) provides:
(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State

Rogers's conviction became final to determine the triggering date for calculating the timeliness of this federal petition.

In its response, the State contends that Rogers's conviction became final 90 days after the Louisiana Supreme Court denied his writ application. For the following reasons, I find that this conclusion is contrary to federal law.

The 90-day period is presumably taken from the doctrine set forth in Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099 (2000). In Ott, the United States Fifth Circuit recognized that the 90-day period for filing an application for writ of certiorari with the United States Supreme Court is to be considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A) when a state petitioner proceeds in a timely manner through the state's highest court in the direct appeal process.

However, Rogers did not proceed timely to the state's highest court. The United States Fifth Circuit Court of Appeals has recognized that, under Louisiana law, specifically La. S. Ct. R. X§5(a), a party must file a writ application in the Louisiana

---

action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Supreme Court within 30 days after the intermediate state appellate court issued its ruling. <u>Williams</u>, 217 F.3d at 309; <u>McGee</u>, 104 Fed. Appx. at 989. The rule expressly <u>prohibits</u> any extension of the 30-day period and provides for <u>no</u> exceptions. <u>Williams</u>, 217 F.3d at 309; <u>Boyd v. Ward</u>, 2001 WL 533221 (E.D. La. May 15, 2001) (Porteous, J.).

As set forth above, Rogers filed his writ application in the Louisiana Supreme Court 40 days after the Louisiana Fifth Circuit affirmed his conviction on June 19, 2003. That filing was untimely under La. S. Ct. R. X§5(a) because it was filed more than 30 days after the Louisiana Fifth Circuit affirmed the conviction on direct appeal.[24]

Because Rogers did not file a writ application in the Louisiana Supreme Court in a timely manner, his conviction became final at the end of the 30-day period for doing so. <u>Roberts</u>, 319 F.3d at 690; <u>McGee</u>, 104 Fed. Appx. at 991. Under these circumstances, Rogers is not entitled to the 90-day <u>Ott</u> period, or the time his application was pending in the Louisiana Supreme Court, in calculating the finality of his conviction.

Therefore, Rogers's conviction became final on Saturday, July 19, 2003, or no later than the next business day, July 21, 2003, which for ease of reference, and affording Rogers every benefit, will be the date used for purposes of the limitations discussion

---

[24]Under federal habeas corpus law, a state mailbox rule would not be considered or applied to change that conclusion. <u>Coleman</u>, 184 F.3d at 402; <u>Richardson v. Dretke</u>, 85 Fed. Appx. 394, 395 (5th Cir. 2004); <u>Kestler v. Cockrell</u>, 73 Fed. Appx. 690, 691 (5th Cir. 2003).

herein. The State's erroneous use of a different finality date is rejected because it is legally incorrect.

Thus, literal application of the statute would bar Rogers's Section 2254 petition as of July 21, 2004. Under the federal mailbox rule, his federal petition is deemed filed on November 22, 2004, the date on which he signed his petition, four months after the deadline imposed by the AEDPA, and it must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Court of Appeals for the Fifth Circuit has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only in "rare and exceptional circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998).

Rogers argues in his petition that his untimeliness should be excused "due to his being transferred from correctional institutions to correctional intitutional [sic], and insufficient availability to inmate counsel substitutes, for assistance."[25] This suggestion is not credible and, in any event, does not establish "rare and exceptional" circumstances of the type necessary to constitute equitable tolling.

---

[25]Rec. Doc. No. 1, Memorandum in Support, p. 2.

14

First, the record shows that Rogers was in Pine Prairie Correctional Center, where he is presently incarcerated, on December 12, 2002, when his motion to reconsider sentence was heard by the state trial court. He was still there on June 24, 2003, when the state trial court sent notice of his post-conviction delays to him. He was still there on July 29, 2003, when he filed his untimely writ application in the Louisiana Supreme Court. He was also there when he filed this federal petition. He has not been moved from institution to institution.

Furthermore, the United States Fifth Circuit Court of Appeals has long held that "mere ignorance of the law or of statutes of limitation is insufficient to warrant tolling." Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000). The Fifth Circuit has also recognized that the inadequacies of a prison law library system do not amount to extraordinary circumstances which would warrant equitable tolling under the AEDPA. Felder, 204 F.3d at 168. Federal courts have also refused to allow equitable tolling when the alleged delay in filing is attributable to counsel, even inmate counsel. See Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000);[26] United States v. Samak, 2000 WL

---

[26]In Harris, petitioner argued that the federal statute of limitations should be equitably tolled because "he relied on the 'negligent and erroneous advice' of his counsel who 'misadvis[ed]' him of the deadline for filing [his] habeas petition...." Harris, 209 F.3d at 328. The United States Fourth Circuit Court of Appeals did not find this an external or extraordinary circumstance. See Talliani v. Chrans, 189 F.3d 597 (7th Cir. 1999) (missed deadline due to attorney's miscalculation of habeas limitations period not a valid basis for equitable tolling); Plowden v. Romine, 78 F. Supp.2d 115, 118 (E.D.N.Y. 1999) (equitable tolling is generally not available where habeas petitioner failed to exercise due diligence in preserving his legal rights or when lack of due diligence is attributable to petitioner's attorney).

557331 (E.D. La. 2000) (Schwartz, J.) (petitioner's Section 2255 motion to vacate was untimely in spite of claim that retained counsel missed the filing deadline imposed by the AEDPA). A prisoner does not have an absolute constitutional right to counsel when seeking post-conviction review or collateral relief and alleged errors or delays by counsel do not justify equitable tolling. See Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002); U.S. v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). Thus, Rogers is not entitled to equitable tolling as a result of the "insufficient availability" of inmate counsel.

Rogers has not asserted any reason that might constitute exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at

808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

17

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty

plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

Thus, for the reasons discussed above, the one-year limitations period began to run in Rogers's case on July 22, 2003, the day after his conviction is deemed final. The limitations period ran uninterrupted for 365 days, until July 21, 2004, when it expired. Rogers had no properly filed state post-conviction or other collateral review pending during that period.

I am aware that Rogers filed a writ application in the Louisiana Supreme Court during that time period on July 29, 2003. That filing, however, was untimely under La. S. Ct. R. X§5(a) because it was filed more than 30 days after the Louisiana Fifth Circuit ruled on Rogers's appeal. Under federal habeas corpus law, this untimely filing can not be considered in the tolling calculation under the AEDPA for the following reasons.

The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is not properly filed because it is untimely, and post-conviction review is not pending for purposes of AEDPA's statute of limitations and tolling doctrines. Williams, 217 F.3d

19

at 309-11. Under this doctrine, Rogers cannot benefit from any tolling as a result of his improperly filed and untimely writ application in the Louisiana Supreme Court.

For these reasons, the one-year statute of limitations period applicable to Rogers's federal petition expired as calculated above on July 21, 2004.

Rogers's federal habeas corpus petition is deemed filed on November 22, 2004, four months after the expiration of the one-year limitations period allowed under the AEDPA. Thus, Rogers's petition must be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A). Alternatively, the petition must be dismissed without prejudice for failure to exhaust state court remedies for the reasons also stated above.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the petition of Kinley Rogers for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under the AEDPA.

In the alternative, and only if my recommendation concerning the AEDPA limitations period is not accepted, **IT IS RECOMMENDED** that the petition of Kinley Rogers be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10)

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____14th_____ day of March, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE